J-S59036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL R. DURR | : | |
| | : | |
| Appellant | : | No. 2192 EDA 2016 |

Appeal from the PCRA Order June 30, 2016
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001979-2015

BEFORE:   BENDER, P.J.E., OTT, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED OCTOBER 12, 2017**

Appellant, Michael R. Durr, appeals *pro se* from the order entered in the Delaware County Court or Common Pleas denying his first Post Conviction Relief Act[1] ("PCRA") petition.[2]  We affirm.

---

*   Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] In the instant case, following the filing of the first PCRA petition, Appellant filed a plethora of *pro se* motions and petitions.  **See** Docket, 8/22/16, at 1-4; **see also** PCRA Ct. Op., 8/18/16, at 5-8.  On June 30, 2016, the court entered several orders.  **See** Docket, 8/22/16, at 3-4.  Appellant identifies the June 30th order on appeal as follows:  "The June 30th order which is the subject of the instant appeal dismissed [Appellant's] first PCRA petition." **See** Appellant's Brief at 2.  In a separate order, on June 30th, the court dismissed Appellant's second *pro se* PCRA petition filed on May 13, 2016, in a separate order.  **See** Order, 6/30/16.

The facts are unnecessary for our disposition. On June 10, 2015, Appellant entered into a negotiated guilty plea to simple assault[3] and terroristic threats.[4] For simple assault, Appellant was sentenced to time served to 23 months' incarceration, with immediate parole status. For terroristic threats, Appellant was sentenced to a two-year term of county probation to be served consecutively to the period of parole for simple assault. *See* N.T. Sentencing Hr'g, 6/10/15, at 8-9. On September 21, 2015, Appellant filed a *pro se* PCRA petition. On September 22, 2015, counsel was appointed.[5] On March 10, 2016, counsel filed an application to

_____

[3] 18 Pa.C.S. § 2701(a)(1).

[4] 18 Pa.C.S. § 2706(a)(1).

[5] The PCRA court noted:

> Despite this court promptly appointing [Henry] DiBenedetto Forrest, Esquire, as his collateral lawyer, [Appellant] subsequently forwarded to this court's chambers and/or the Delaware County Judicial Support Office numerous and varied self-represented pleadings as follows: Motion for discovery; Motion for Miscarriage of Justice; Petitioner's Right to an Evidentiary Hearing; Motion to Withdrawal [sic] Guilty Plea; Writ of Habeas Corpus; and an Application for Writ of Habeas Corpus. *See* Correspondences dated October 13, 2015; November 5, 2015; December 7, 2015; January 7, 2016; January 12, 2016; and January 25, 2016. Recognizing [Appellant] was represented at all such times by PCRA counsel, the court instructed the Delaware County Office of Judicial Support to lodge as well as docket these pleadings and forwarded copies of all the same to Attorney DiBenedetto Forrest.

*(Footnote Continued Next Page)*

withdraw appearance and a **Turner**/**Finley**[6] "no merit" letter. On May 3, 2016, the PCRA entered an order granting counsel's application to withdraw and notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. On June 30, 2016, the court denied the PCRA petition. This timely *pro se* appeal followed.

Appellant raises the following issue for our review: "Whether PCRA counsel was ineffective for failing to file an amended PCRA, for failing to raise counsel's ineffectiveness for advising [A]ppellant to plead guilty, and for failing to investigate." Appellant's Brief at 3. Appellant contends that "PCRA counsel failure to amend the PCRA to raise counsel's ineffectiveness for advising appellant to plead guilty when facts and evidence could have been in his favor resulting in a victim of institutional sexual assault being set up and put in prison by the perpertrator . . . ." **Id.** at 7 (reproduced verbatim). Appellant claims "PCRA counsel's failure to raise counsel's ineffectiveness for advising [A]ppellant to plead guilty [when] the [A]ppellant tried to discuss the facts of the case with PCRA, but counsel

(Footnote Continued) ⎯⎯⎯⎯⎯⎯⎯⎯⎯

PCRA Ct. Op. at 4. The PCRA court opined: "Relevant to these various, self-represented pleadings of [Appellant], a defendant may proceed *pro se* or can enjoy the benefit of an attorney's stewardship; however, a 'hybrid representation' of *pro se* litigation contemporaneous with a lawyer's of-record representation is prohibited. **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007)." PCRA Ct. Op. at 4 n.4.

[6] **See Commonwealth v. Finley**, 481 U.S. 551 (1987); **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

refused to listen." *Id.* at 8. "PCRA counsel was ineffective for failing to investigate the facts of the case." *Id.*

As a prefatory matter, we consider whether Appellant has waived the issues raised on appeal based upon his response to the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On July 18, 2016, Appellant was ordered to file a Rule 1925(b) statement. On August 4, 2016, Appellant filed a response to the July 18th order.[7] The trial court found that "[c]learly, [Appellant] timely received copies of the court's order directing him to lodge a statement of matters complained of on appeal. As [Appellant] has failed to comply with this court's instruction, his issues on appeal should be deemed waived." PCRA Ct. Op. at 11.

In his timely response to the court's July 18th order, Appellant "avers how can he provide the requirements of the order by this court and submit a 1925(b), when [he] is being deprived critical information that is deliberately being withheld by Comm. of Del." Correspondence, 8/4/16, at 1. "Appellant states Denise McCray, defense attorney was ineffective on June 10, 2015, by way advicing Defendant to sign a plea bargain, without fully, thoroughly, & properly investigating the in said case No. 1979-15, by this failure Defendant Michael Durr, was exposed to extreme prejudice, & is now reconignized in light as outrageously baised by genderly prejudicing Defendant & sideding

_____

[7] The document was docketed as "Case Correspondence."

with the female Plaintiff over her obligations as defense counsel." *Id.* (reproduced verbatim). We decline to find waiver on the basis of a failure to file a statement of errors complained of on appeal.[8]

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008). "Furthermore, we note that we are bound by the PCRA court's credibility determinations where there is record support for those determinations." *Commonwealth v. Santiago*, 855 A.2d 682, 694 (Pa. 2004).

With respect to claims of counsel's ineffectiveness,

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission.[9] To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

---

[8] We note that "we may uphold a decision of the trial court if there is any proper basis for the result reached." *Commonwealth v. Rosser*, 135 A.3d 1077, 1087 n.5 (Pa. Super. 2016) (*en banc*) (citation omitted).

[9] This test was enunciated in *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987).

*Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa. Super. 2008) (punctuation and citations omitted).

In determining whether counsel's action was reasonable, the court does not consider "whether there were other more logical courses of action" counsel could have pursued, but simply examines whether counsel's decision had any reasonable basis. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). Conversely, to merit relief, counsel's action, given all the other available alternatives, must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Miller*, 431 A.2d 233, 234 (Pa. 1981) (citation omitted). "The burden of proving ineffectiveness rests with [a]ppellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

Appellant presents a layered claim of PCRA counsel's ineffectiveness.

> Layered claims of ineffectiveness "are not wholly distinct from the underlying claims[,]" because "proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.]" **"In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue."**

*Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations omitted and emphasis added). Furthermore,

> [A] petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that counsel who

preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument . . . on the three prongs of the **Pierce** test as to each relevant layer of representation.

**Commonwealth v. Reaves**, 923 A.2d 1119, 1128 (Pa. 2007) (citations omitted). In **Commonwealth v. Rathfon**, 899 A.2d 365 (Pa. Super. 2006), this Court opined:

> "A criminal defendant has the right to effective counsel during a plea process as well as during trial." [**Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002).] "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." **Commonwealth v. Kersteter**, 877 A.2d 466, 468 (Pa. Super. 2005).
>
> > We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). **See** [**Commonwealth v.**] **Lynch**[, 820 A.2d 728, 732 (Pa. Super. 2003)]. "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** at 733 (quoting [**Hickman**, 799 A.2d at 141].
>
> > *   *   *
>
> **Kersteter**, 877 A.2d at 46[8]–69. Moreover, trial counsel is presumed to be effective. **Commonwealth v. Carter**, [ ] 656 A.2d 463, 465 (Pa. 1995).

**Id.** at 369.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v.**

*Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (citation omitted). "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Rathfon*, 899 A.2d at 370 (citation omitted).

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes **the** significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

*Commonwealth v. Flood*, 627 A.2d 1193, 1199 (Pa. Super. 1993) (citations and quotation marks omitted).

As an additional prefatory matter, we consider whether Appellant has waived the issue of PCRA counsel's ineffectiveness for failing to raise it prior to the instant appeal. In *Commonwealth v. Henkel*, 90 A.3d 16 (Pa. Super. 2014) (*en banc*), this Court opined:

> [The a]ppellant's first three issues all involve claims pertaining to PCRA counsel's representation. Neither party has cited the Pennsylvania Supreme Court's modern treatment of this issue in numerous cases. *Commonwealth v. Jette*, [ ] 23 A.3d 1032, 1044 n. 14 ([Pa.] 2011); *Commonwealth v. Hill*, [ ] 16 A.3d 484, 497 n. 17 ([Pa.] 2011); *Commonwealth v. Colavita*, [ ]

993 A.2d 874, 893 n. 12 ([Pa.] 2010);[10] **Commonwealth v. Pitts**, [ ] 981 A.2d 875 ([Pa.] 2009); **Commonwealth v. Ligons**, [ ] 971 A.2d 1125 ([Pa.] 2009) (plurality); **Commonwealth v. Potter**, [ ] 58 A.3d 752 ([Pa.] 2012) (*per curiam* order). Nor have the parties addressed this Court's most comprehensive discussion of Pennsylvania Supreme Court precedent on this matter, **Commonwealth v. Ford**, 44 A.3d 1190 (Pa. Super. 2012) (collecting cases). **Those decisions all clarify that claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal.**

*Id.* at 20 (emphasis added). In **Ford**, this Court opined:

We acknowledge that [the a]ppellant did raise the ineffectiveness of PCRA counsel issue in his Pa.R.A.P. 1925(b) statement after the Supreme Court remanded the matter and new counsel was appointed for purposes of advancing his appeal *nunc pro tunc*, *i.e.*, at the first opportunity. Additionally, the PCRA court addressed the issue in its Pa.R.A.P. 1925(a) opinion. [The a]ppellant's question also pertains to matters of record and does not require this Court to engage in any factual findings. Thus, several of the concerns expressed for not addressing such a claim are not present. Nonetheless, a majority of the Supreme Court agrees that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court. In addition, the Supreme Court's remand order in the instant case allowed for the appointment of counsel, not for the collateral review process to begin anew. Therefore, we hold that, absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.

_____

[10] The Pennsylvania Supreme Court stated: "claims of PCRA counsel ineffectiveness may not be raised for the first time at the direct appeal level, much less at the discretionary appeal level." **Henkel**, 90 A.3d at 27.

*Ford*, 44 A.3d at 1200-01.  Furthermore,

> As noted, in *Jette*, as in [*Commonwealth v*.] *Burkett*,
> [5 A.3d 1260 (Pa. Super. 2010)], the PCRA court did not
> file a notice of intent to dismiss because it held a hearing.
> However, the *Jette* Court did not distinguish *Pitts* on that
> ground and signaled that *Colavita* was binding precedent
> on the issue of whether a claim of PCRA counsel
> ineffectiveness could be raised for the first time on appeal.
> Consequently, the Supreme Court concluded after the
> *Burkett* decision that **a PCRA petitioner cannot assert
> claims of PCRA counsel ineffectiveness for the first
> time on appeal, regardless of whether a Rule 907**[11]
> **or 909 notice is involved.**

*Henkel*, 90 A.3d at 28 (emphasis added).

In the case *sub judice*, Appellant asserted claims of PCRA counsel's

ineffectiveness for the first time on appeal.  Therefore, we could find the

---

[11] Rule 907 provides, in pertinent part, as follows:

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any
answer by the attorney for the Commonwealth, and other
matters of record relating to the defendant's claim(s).  If
the judge is satisfied from this review that there are no
genuine issues concerning any material fact and that the
defendant is not entitled to post-conviction collateral relief,
and no purpose would be served by any further
proceedings, the judge shall give notice to the parties of
the intention to dismiss the petition and shall state in the
notice the reasons for the dismissal.  The defendant may
respond to the proposed dismissal within 20 days of the
date of the notice.  The judge thereafter shall order the
petition dismissed, grant leave to file an amended petition,
or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

issue waived. ***See id.***; ***Ford***, 44 A.3d at 1200-01. The PCRA court opined that "this court on the instant record has no cause to find either trial and/or appointed [PCRA] counsel's stewardship anything other than competent." Order Granting Counsel's Application to Withdraw and Notice to Dismiss Without a Hearing Pursuant to Pa.R.Crim.P. 907, 5/3/16, at 10. Given the PCRA court's pronouncement, we will assume, *arguendo*, that it is not waived. The PCRA court did not find trial counsel ineffective. ***See id.*** at 1-10.

After a thorough review of the record, the briefs of the parties, the applicable law, and the PCRA court's opinion, we affirm, in part, on the basis of the PCRA court's Order Granting Counsel's Application to Withdraw and Notice to Dismiss Without a Hearing Pursuant to Pa.R.Crim.P. 907, finding that trial counsel was not ineffective. ***See id.*** at 1-10 Therefore, the layered claim of ineffective assistance of PCRA counsel is meritless. ***See Rykard***, 55 A.3d at 1190. Accordingly, we affirm the order of the PCRA court dismissing Appellant's PCRA petition.

Order affirmed.

PJE Bender joins the Memorandum.

Judge Ott Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2017

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
### CRIMINAL

**COMMONWEALTH OF PENNSYLVANIA**    :    **NO. 1979-15**

                         **v.**                         :

**MICHAEL R. DURR**                        :

**A. Sheldon Kovach, Esquire - Deputy District Attorney for the Commonwealth**
**Henry DiBenedetto Forrest, Esquire - Attorney for Michael R. Durr**

### ORDER GRANTING COUNSEL'S APPLICATION TO WITHDRAW AND NOTICE TO DISMISS WITHOUT A HEARING PURSUANT Pa R.CRIM. P. 907

**AND NOW**, this 3rd day of May, 2016, upon consideration of the above-named Defendant's *pro se* Post Conviction Relief Act Petition[1] and the resultant "Application to Withdraw Appearance" as well as the supporting "No Merit Letter" of appointed counsel,[2] and the court having conducted an independent review of the salient case record,[3] it is hereby **ORDERED** and **DECREED** that the withdrawal application of Henry DiBenedetto Forrest, Esquire is **GRANTED.**

It is further **ORDERED** that Michael R. Durr may proceed *pro se* with his post-conviction collateral relief petition, or may retain private counsel to pursue such remedy, or simply proceed no further.

Moreover, the court having concluded there are no genuine issues concerning any material fact and the Defendant is not otherwise entitled to the requested collateral relief, as well as that no reasoned purpose would be served by any further proceedings, **Notices the Parties of its Intent to Dismiss** the instant petition, **WITHOUT A HEARING.**[4] *See* Pa.R.Crim.P. 907(1).



Defendant Durr may respond to this **Notice of Intent to Dismiss Without a Hearing** no later than twenty (20) days subsequent. *Id.* Should the Defendant fail to respond to this notice within such time, an order dismissing his *pro se* collateral petition **SHALL** be entered.

**BY THE COURT:**



Kevin F. Kelly                                                           J.

---

[1] The *pro se* Defendant forwarded on or about September 21, 2015 to this court's chambers a handwritten correspondence.

Although in the form of untitled, handwritten letter, the Defendant's correspondence dated September 14, 2015, by its plain terms, *inter alia*, clearly advances an attack on trial counsel's representation salient to her stewardship regarding Defendant Durr's entry of his negotiated guilty plea. This court was thus constrained to view and address this correspondence as a collateral pleading. *See* Defendant's Letter dated September 14, 2015. *See also Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa.Super. 2013); *Commonwealth v. Stout*, 978 A.2d 984, 986-87 (Pa.Super. 2009); *Commonwealth v. Fowler*, 930 A.2d 586, 591-92 (Pa.Super. 2007); *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa.Super. 2001); and *Commonwealth v. Evans*, 866 A.2d 442, 443 (Pa.Super. 2005) *citing Commonwealth v. Hockenberry*, 455 Pa.Super. 626, 635, 689 A.2d 283, 288 (1997). *See also* 42 Pa.C.S. §§9541 *et seq.* ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law ... remedies ... , including habeas corpus.") 42 Pa.C.S. §9542.

[2] The pending PCRA petition being Defendant Durr's first collateral lodging he was entitled to the assistance of counsel and Henry DiBenedetto Forrest, Esquire per court order dated September 21, 2015, was appointed for purposes of this PCRA action stewardship of the Defendant's interests. *See* Order dated September 21, 2015. *See generally Commonwealth v. Luckett*, 700 A.2d 1014, 1016 (Pa.Super. 1997). *See also Commonwealth v. Perez*, 799 A.2d 848, 851-52 (Pa.Super. 2002) *citing Commonwealth v. Guthrie*, 749 A.2d 502, 504 (Pa.Super. 2000); *Commonwealth v. Ferguson*, 722 A.2d 177, 179 (Pa.Super. 1998); *Commonwealth v. Hampton*, 718 A.2d 1250, 1252-53 (Pa.Super. 1998); and *Commonwealth v. Ramos*, 14 A.3d 894, 895-96 (Pa.Super. 2011). By this same order, the court instructed the Delaware County Office of Judicial Support to lodge of-record and docket the Defendant's collateral pleading. *See* Order dated September 21, 2015. *See also* Pa.R.Crim.P. 576(A)(5).

Despite this court past and promptly appointing Mr. DiBenedetto Forrest as his PCRA lawyer, the Defendant subsequently forwarded to this court's chambers and/or the Delaware County Office of Judicial Support numerous and varied *pro se* filings entitled as follows: Motion for Discovery; Motion for Miscarriage of Justice; Petitioner's Right to an Evidentiary Hearing; Motion to Withdrawal [*sic*] Guilty Plea; Writ of Habeas Corpus; and an Application for Writ of Habeas Corpus. *See* Correspondence dated October 13, 2015; November 5, 2015; December 7, 2015; January 7, 2016; January 12, 2016; and January 25, 2016. As the Defendant was represented at all such times by collateral counsel, the court instructed the Delaware County Office of Judicial Support to lodge and docket these pleadings and also forwarded copies of all the same to Attorney DiBenedetto Forrest. *See* Orders dated October 15, 2015; November 5, 2015; December 8, 2015; January 7, 2016; January 13, 2016; and February 1, 2016.

Relevant to these various, self-represented pleadings of Defendant Durr, a defendant may proceed *pro se* or can enjoy the benefit of an attorney's stewardship; however, a "hybrid representation" of *pro se* litigation contemporaneous with a lawyer's of-record representation is prohibited. *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super. 2007). *See also Commonwealth v. Ellis*, 534 Pa. 176, 180-81, 183-84, 626 A.2d 1137, 1139, 1141 (1993) and *Commonwealth v. Ali*, 608 Pa. 71, 89, 10 A.3d 282, 293 (2010) *citing Commonwealth v. Ellis supra* 534 Pa. at 180-81, 183-84, 626 A.2d at 1139, 1141. Flowing from this "hybrid representation" prohibition, a defendant's *pro se* lodging when represented of-record by counsel is a legal nullity which a court cannot adjudicate. *Commonwealth v. Nischan supra*.

Appointed counsel in compliance with the dictates of *Commonwealth v. Finley*, 481 U.S. 551, 558-59, 107 S.Ct. 1990, 1995 (1987), *Commonwealth v. Turner*, 518 Pa. 491, 495, 544 A.2d 927, 928-29 (1988) and *Commonwealth v. Friend*, 896 A.2d 607, 614-15 (Pa.Super. 2006) on or about March 10, 2016, filed an "Application to Withdraw Appearance" and supporting "No Merit Letter." *See* "Application to Withdraw" and "No Merit Letter," dated March 10, 2016. By his "No Merit Letter," defense counsel concluded Defendant Durr's collateral challenges raised via the instant petition on the instant record lack merit. *See* "No Merit Letter," dated March 10, 2016, pp. 2-7.

[3] Based on its review of the "No Merit Letter" resulting from the comprehensive, advocate's examination of such salient circumstances undertaken by the Defendant's lawyer and an independent evaluation of the case record, this court adopts for purposes of the instant dismissal notice that set forth by the appointed lawyer's *Finley* correspondence and as is further supplemented by that below. *See* "No Merit Letter," dated March 10, 2016. *See also generally Commonwealth v. Finley supra*; *Commonwealth v. Turner supra*; and *Commonwealth v. Friend supra*. Both the "Application to Withdraw" and supportive "No Merit Letter" of the Defendant's attorney are attached and wholly incorporated by reference as if fully set forth herein.

Defendant Durr through his collateral pleading avers that his trial counsel was professionally incompetent and this ineffective stewardship in conjunction with his being "not of sound mind" as well as his being "tricked" by the victim, Ms. Erica Yatsuk, led him to enter a plea of guilty that was unknowing. *See* Defendant's Petition, p. 1. (Defendant Durr's pleading lacks pagination and this court thus when referencing the same simply notes the pages sequentially.) More specifically, the Defendant maintains that his trial counsel " ... never told me none of my rights nore [*sic*] waving [*sic*] a presentence investigation ... , also she never counseled me, not explained [*sic*] anything ... ." *See* Defendant's Petition, pp. 1-2. Defendant Durr also advances that due to his lack of medication he was "not of sound mind" when he entered his plea of guilty. *See* Defendant's Petition, pp. 1-2. In further support of his contention that his guilty plea was not knowingly entered, the Defendant asserts that he accepted the proffered plea agreement as a result of his being in a relationship with the victim and she convinced him to plead guilty in order to protect her and/or for her to provide him financial gain. *See* Defendant's Motion, p. 1. Moreover, Defendant Durr maintains his innocence by advancing that he never threatened or hit Ms. Yatsuk, but rather Ms. Yatsuk " ... is a lair [*sic*] and she made false statement, [*sic*] to the law and the courts ... ." *See* Defendant's Motion, pp. 1, 2, 4. In addition to these averments, the Defendant also maintains that he suffers from an unfair sentence. *See* Defendant's Petition, p. 1.

Per Mr. DiBenedetto Forrest's "No Merit Letter," it is also evident that the Defendant requested his collateral counsel consider a challenge relating to an inaccurate awarding of time served credit relevant to the above-captioned matter and the unrelated case of *Commonwealth v. Durr*, No. 6336-12 – Delaware County. *See* "No Merit Letter," dated March 10, 2016, p. 6.

These claims attacking his trial counsel's professional incompetence, his guilty plea's validity, and/or the challenged sentence's legality are meritless.

[4] On or about June 10, 2015, the above-named Defendant entered a counseled, negotiated plea of guilty to the Criminal Information's Count 1 – Simple Assault, 18 Pa.C.S. §2701, and Count 3 – Terroristic Threats, 18 Pa.C.S. §2706. *See* Defendant's Guilty Plea Statement. On the waiving of a pre-sentence investigation by his lawyer, Defendant Durr was then sentenced immediately subsequent and wholly consistent with the attorneys' plea agreement in the aggregate to a term of time served (February 28 – June 10, 2015) through twenty-three (23) months imprisonment followed by two (2) years consecutive, county probationary oversight. He was relatedly afforded immediate parole status. *See* Certificate of Imposition of Judgment of Sentence dated June 10, 2015.

3

No timely or post-sentence motions otherwise were filed, including any pleading advancing a challenge to the lawfulness of the Defendant's plea of guilty and/or an application to withdraw Defendant Durr's guilty plea. No direct appeal to the Superior Court was lodged.

The law presumes counsel was not incompetent, and a defendant bears the burden to prove otherwise. *Commonwealth v. Uderra*, 550 Pa. 389, 400, 706 A.2d 334, 339 (1998) and *Commonwealth v. Burkholder*, 719 A.2d 346, 349 (Pa.Super. 1998). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate as follows: 1) The claim(s) are of arguable merit; 2) Counsel had no reasonable basis for his or her questioned action(s) and/or omission(s); and 3) Counsel's action(s) and/or inaction(s) prejudiced the defendant in that there was a reasonable possibility that but for the act or omission challenged, the outcome of the proceedings would have been different. *Commonwealth v. Pierce*, 515 Pa. 153, 158, 527 A.2d 973, 975 (1987) *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). *See also Commonwealth v. Allen*, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999); *Commonwealth v. Fulton*, 547 Pa. 282, 291, 830 A.2d 567, 572 (2009) *citing Commonwealth v. Pierce*, 567 Pa. 186, 202, 786 A.2d 203, 213 (2001); *Commonwealth v. Kimball*, 555 Pa. 229, 312, 724 A.2d 326, 333 (1999); and *Commonwealth v. Neal*, 421 Pa.Super. 478, 482, 618 A.2d 438, 440 (1992). A defendant bears the burden of proving all three (3) prongs of the ineffective standard and failure to establish even just one (1) of these requisites warrants dismissal of the claim without further consideration of the other two (2) additional, necessary proofs. *Commonwealth v. Robinson*, 583 Pa. 358, 369, 877 A.2d 433, 439 (2005).

The *Strickland* benchmark encompasses all constitutionally cognizable claims of counsel's incompetence. *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064. Under the *Strickland* standard, an allegation of ineffectiveness cannot be proven without a finding of prejudice that except for the challenged act(s) or omission(s), the proceeding's outcome would have been different. *Commonwealth v. March*, 528 Pa. 412, 414, 598 A.2d 961, 962 (1991) and *Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1166, 1174 (1986). Moreover, a defendant's lawyer cannot be found professionally incompetent for failing to raise or pursue a baseless challenge. *Commonwealth v. Sneed*, 616 Pa. 1, 33, 45 A.3d 1096, 1115 (2012) and *Commonwealth v. Hutchinson*, 521 Pa. 482, 488, 556 A.2d 370, 372 (1989).

A defendant seeking post conviction relief on the grounds that a plea of guilty was unlawfully induced must establish that " ... the circumstances make it likely that the improper inducement caused the petitioner to plead guilty AND the petitioner is innocent." 42 Pa.C.S. §9543(a)(2)(iii). (Emphasis added.) In the alternative, a defendant must establish the ineffective assistance of counsel rendered his guilty plea involuntary or unknowing. *Commonwealth v. Mendoza*, 730 A.2d 503, 505 (Pa.Super. 1999) *citing Commonwealth v. Young*, 695 A.2d 414, 416 (Pa.Super. 1997) and *Commonwealth v. Fultz*, 316 Pa.Super. 260, 264, 462 A.2d 1340, 1341 (1983)(An assertion of counsel's ineffective assistance following a plea of guilty will be grounds for collateral relief only if there is a causal nexus between the alleged professional incompetence of counsel and a defendant's entry of what amounts to an unknowing or involuntary plea). "[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Willis*, 68 A.3d 997, 1002-03 (Pa.Super. 2013) *quoting Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012). "The law does not require that the defendant be pleased with the outcome of his decision to enter a guilty plea: All that is required is that [the defendant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* 68 A.3d at 1003 *quoting Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa.Super. 2010). This is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea. *Commonwealth v. Lewis*, 708 A.2d 497, 500-01 (Pa.Super. 1998) *quoting Commonwealth v. Yager*, 454 Pa.Super. 428, 436-37, 685 A.2d 1000, 1004 (1996). *See also Commonwealth v. Mendoza supra* 730 A.2d at 505-06 *quoting Commonwealth v. Yager supra* 454 Pa.Super. at 434-35, 685 A.2d at 1003.

In general, a guilty plea is a waiver of treasured rights, and to be valid the plea must be knowing, intelligent and voluntary. *Commonwealth v. Sauter*, 389 Pa.Super. 484, 487-88, 567 A.2d 707, 708-09 (1989) and Pa.R.Crim.P. 590. "A guilty plea colloquy must include inquiry as to whether: (1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreements." *Commonwealth v. Flood*, 426

4

Pa.Super. 555, 565, 627 A.2d 1193, 1198 (1993) *quoting Commonwealth v. Willis*, 471 Pa. 50, 51-52, 369 A.2d 1189, 1189-90 (1977). Inquiry into these six (6) areas is mandatory in every guilty plea colloquy. *Commonwealth v. Mendoza supra* 730 A.2d at 506 *citing Commonwealth v. Persinger*, 532 Pa. 317, 321-22, 615 A.2d 1305, 1307 (1992) and *Commonwealth v. McClendon*, 403 Pa.Super. 467, 469-70, 589 A.2d 706, 707-08 (1991). *See also* Comment to Pa.R.Crim.P. 590.

The critical purpose of the guilty plea colloquy is to provide memorialized evidence that the plea was a voluntary and intelligent action undertaken with a full awareness of its ramifications. *Commonwealth v. Iseley*, 419 Pa.Super. 364, 377, 615 A.2d 408, 415 (1992) *citing Commonwealth v. Ingram*, 455 Pa. 198, 200, 316 A.2d 77, 78 (1974). The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super. 2008) *citing Commonwealth v. Lewis supra* 708 A.2d at 501. The court may direct this plea examination, or it may permit defense counsel or the attorney for the Commonwealth to conduct such an of-record colloquy. *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa.Super. 2001).

While the Rule 590 inquiries are necessary to the lawfulness of any plea of guilty, in discerning a defendant's actual knowledge of the implications and rights associated with a guilty plea and its legal validity, a court is free to consider the totality of the material circumstances surrounding the plea. *Commonwealth v. Fears*, 575 Pa. 281, 302, 836 A.2d 52, 64 (2003) *citing Commonwealth v. Allen supra* 557 Pa. at 145, 732 A.2d at 588-89. The trial court may properly consider a wide array of relevant evidence under this standard, including but not limited to written plea agreements. *Commonwealth v. Allen supra* 557 Pa. at 146-47, 732 A.2d at 589. Hence, the needed inquiries do not have to be solely oral, but may be supplemented by a written colloquy that the defendant reads, completes and signs that is also incorporated as part of the case record in addition to some of-record, oral examination. *Commonwealth v. McCauley supra* 797 A.2d at 922 and *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa.Super. 2005).

Defendant Durr's written guilty plea statement is four (4) pages in length and consists of twenty-nine (29) individually numbered paragraphs descriptively and comprehensively detailing the following: Ability to Understand; Contact with Lawyer; Right to Trial; Trial Rights; Trial by Jury; Trial by Judge; Motions Before Trial; Effect of Plea; Admission of Guilt ... and Penalties; Plea Agreements; Loss of Rights; and Voluntary Plea. *See* Defendant's Guilty Plea Statement. The Defendant's duly executed guilty plea statement salient to current considerations provides that below:

> If you choose to plead guilty ... , this Guilty Plea Statement must be completed by you. ... You must read this statement carefully and review it with your lawyer. It is *IMPORTANT* that you understand, agree with and answer truthfully everything contained in this Guilty Plea Statement. If you understand and agree with what is said in a paragraph of this statement, place your initials on the line provided. If you do not understand and agree with what is said in a paragraph, *DO NOT* place your initials on the line provided, and you must tell the judge what you do not agree with or understand. ...
>
> ... I can read, write, speak and understand the English Language. ...
>
> *I do not have any physical, emotional or mental problems which affect my ability to understand what I am doing today, the rights which I have and the rights which I am giving up by pleading guilty ... and I am not now under the influence of any narcotics, drugs, alcohol or any other substance.*
>
> *I have fully discussed this case with my lawyer* including the facts and possible defenses I may have to these charges such as but not limited to: I didn't commit the crimes charged, mistaken identity, alibi ... insanity ... , justification ... , and any other lawful excuse for my acts. I understand and my lawyer has explained to me all the possible defenses I may have to these charges. *I am satisfied that my lawyer knows of all the facts and law concerning this case.*

5

*I am fully satisfied with what my lawyer has done for me in the past and what my lawyer is doing for me today concerning this case.*

I am fully satisfied that my lawyer is ready and able to defend me in this case if I do not plead guilty ... to these charges.

I understand and my lawyer has explained to me that if I plead not guilty, I have a right to have a trial before a judge and a jury or I may ask that my trial be before a judge alone without a jury.

I understand and my lawyer has explained to me that if I plead not guilty and have a trial:

I am presumed to be innocent of these crimes and the Commonwealth has the burden of proving that I committed each of the elements of the crimes charged beyond a reasonable doubt. ...

The Commonwealth must present evidence and witnesses who must testify under oath and I, or my lawyer, can cross-examine or ask questions of these witnesses. ...

I understand and my lawyer has explained to me that if I plead not guilty and I am tried before a judge and a jury:

The jury would consist of 12 people who live in Delaware County, and I have the right to take part in selecting the jurors who would hear my case and these jurors would decide what the true facts are in my case. ...

I cannot be found guilty of the crimes charged unless all 12 of the jurors agree that the Commonwealth has proven that I committed each element of these crimes beyond a reasonable doubt. ...

I understand and my lawyer has explained to me that:

... If the judge ... denied any motions filed by me, by pleading guilty ... , I give up or lose my right to appeal the judge's decision to a higher court and I can never again raise any of the issues stated in these motions before any court.

My plea of guilty ... will have the same effect in criminal law as if I had a trial and was convicted of the crimes to which I have pled guilty ... .

*I understand and agree that I am pleading guilty ... to the crimes listed below.*
I understand and my lawyer has explained to me the elements of these crimes and the possible penalties for them. By pleading guilty, I agree and admit that I committed each element of these crimes ... . I agree that the Commonwealth can prove that I committed each element of these crimes beyond a reasonable doubt. I am pleading guilty ... to the following crimes:
A) Simple Assault a ... misdemeanor of the 2nd degree and the maximum penalty for this crime is 2 years in jail and a $5,000 fine.
B) Terroristic Threats a ... misdemeanor of the 1st degree and the maximum penalty for this crime is 5 years in jail and a $10,000 fine.

I understand and my lawyer has explained to me that:
I could be sentenced to the maximum penalty for each of these crimes and the total maximum sentence I could receive is 7 years in jail and a $15,000 fine.

6

> Unless the crimes to which I am pleading guilty ... are summary offenses or crimes which require a mandatory minimum sentence, the Pennsylvania Sentencing guidelines must be considered by the judge in deciding what *MINIMUM* sentences I will receive. My lawyer has told me what sentencing guidelines the judge must consider in deciding what MINIMUM sentences I will receive.
>
> I understand and my lawyer has explained to me that the judge is not bound to follow the terms of any plea agreement that I have with the Commonwealth ... but if the judge decides not to accept the plea agreement, I will be allowed to withdraw or take back my plea of guilty ... and the judge has not taken part in any plea discussions or plea agreements.
>
> I understand and my lawyer has fully explained to me all the facts and rights which I have that are contained in this guilty plea statement and that by pleading guilty ... , I give up or lose all these rights.
>
> *I have not been pressured, forced or threatened in any way by anyone to plead guilty ... to these charges and I have not been promised anything by anyone in return for pleading guilty ... other than the plea agreement, if any, which has been presented to the judge.*
>
> *I have had enough time to fully discuss my case and my decision to plead guilty ... and everything contained in this Guilty Plea Statement with my lawyer and by placing my initials on all of the lines provided, I am saying that I understand, agree with, and answered truthfully everything contained in this Guilty Plea Statement.*

*See* Defendant's Guilty Plea Statement – Instructions and Paragraph Nos. 1, 2, 3, 4, 5, 6, 7, 8, 11, 14, 18, 19, 21, 22, 23, 24, 25, 27, 28, 29. (Emphasis added).

Material to the above-cited written plea statement's representations Defendant Durr made to the court as well as those related verbal affirmations he offered while under oath during his plea of guilty colloquy, the Superior Court has recognized as follows:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden proving otherwise. ....
>
> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradicts the statements he made at his plea colloquy. ...
>
> *[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.*

*Commonwealth v. Pollard supra* 832 A.2d at 523-24 *citing Commonwealth v. Stork supra* 737 A.2d at 790 (Emphasis added) and *Commonwealth v. Cappelli supra* 340 Pa.Super. at 20-21, 489 A.2d at 819 *quoting Commonwealth v. Brown supra* 242 Pa.Super. at 247, 363 A.2d at 1253. *See also* N.T. 6/10/15, pp. 5-10 and Defendant's Guilty Plea Statement.

7

Beyond Defendant Durr's, of-record, sworn representations that he was not then suffering from " … any physical, emotional or mental problems … " affecting his ability to understand the proceeding's nature and/or purpose, this court at no time throughout the entirety of the guilty plea hearing observed anything about the Defendant's demeanor, effect and/or tone which gave it even a moment's pause to question his competency. *See* Defendant's Guilty Plea Statement – Paragraph No. 2 and N.T. 6/10/15. Starkly contrary to Defendant Durr's collateral assertion that he "was not of sound mind" and per that which his guilty plea statement otherwise confirmed in combination with his sworn affirmation of the same, Defendant Durr as this court's direct observations and interactions of him revealed most certainly appropriately appreciated his pleading guilty and its consequences. *See* Defendant's Petition, p. 1; Defendant's Guilty Plea Statement – Paragraph No. 2; and N.T. 6/10/15. This court yet concludes as it did when such was proffered that the Defendant's plea of guilty was knowingly, intelligently, and voluntarily entered. N.T. 6/10/15, p. 7. *See also Commonwealth v. Sauter supra* 389 Pa.Super. at 487-88, 567 A.2d at 708-09 and Pa.R.Crim.P. 590.

The court also concludes that the Defendant's proffered allegations and/or other implications of an unlawful inducement to enter his pleas of guilty does not advance any viable, legal assertions which would warrant Post Conviction Relief Act remedy. *See Commonwealth v. Mendoza supra* 730 A.2d at 505 *citing Commonwealth v. Young supra* 695 A.2d at 416.

The court as well concludes that Defendant Durr has failed to establish in the alternative a causal nexus between the alleged professional incompetence of his lawyer and the entry of what amounts to unknowing or involuntary plea of guilty as his guilty plea was clearly and in all legally salient respects valid. *See Commonwealth v. Willis supra* 68 A.3d at 1002-03 *quoting Commonwealth v. Wah supra* 42 A.3d at 338 and *Commonwealth v. Anderson supra* 995 A.2d at 1192. *See also Commonwealth v. Fultz supra* 316 Pa.Super. at 264, 462 A.2d at 1341. The Defendant simply has not met the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a plea of guilty. *Commonwealth v. Lewis supra* 708 A.2d at 500-01 *quoting Commonwealth v. Yager supra* 454 Pa.Super. at 436-37, 685 A.2d at 1004.

On the entry of a plea of guilty, a defendant waives all defects and defenses, except those concerning the validity of the plea, the trial court's jurisdiction, and/or sentencing legality. *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa.Super. 2002) and *Commonwealth v. Main*, 6 A.3d 1026, 1028 (Pa.Super. 2010).

Post conviction remedy is available if the imposed sentence exceeds the lawful maximum. 42 Pa.C.S. §9543(a)(2)(vii). Although a claim of whether the sentence imposed is greater than the statutory maximum is subject to PCRA review, *Commonwealth v. Lewis*, 430 Pa.Super. 336, 343, 634 A.2d 633, 636 (1993) *citing Commonwealth v. Grier*, 410 Pa.Super. 284, 288, 599 A.2d 993, 995 (1991), challenges to the discretionary aspects of sentencing are not cognizable under the Post Conviction Relief Act. *Commonwealth v. Evans*, 866 A.2d 442, 443-44 (Pa.Super. 2005). A sentence that surpasses the sentencing guidelines' suggested ranges is not an illegal sentence, if it does not exceed the allowed, statutory maximum. *Commonwealth v. Grier supra* 410 Pa. Super. at 288, 599 A.2d at 995. Requests for relief with respect to the discretionary aspects of a sentence are not actionable in PCRA proceedings. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa.Super. 2007) and *Commonwealth v. Friend supra* 896 A.2d at 616 Fn. 15. *See also Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa.Super. 2006)(Treating an appeal as implicating the discretionary aspects of sentence where the appellant claimed the court deviated from sentencing guidelines without stating adequate reasons and failed to give proper consideration to the appellant's background and other material factors under the Pennsylvania Sentencing Code).

Hence, while a claim of whether the sentence imposed is greater than the prescribed statutory maximum is subject to Post Conviction Relief Act review, challenges to the discretionary aspects of sentencing are beyond the purview of PCRA remedy. *Commonwealth v. Evans supra* 866 A.2d at 443 and *Commonwealth v. Lewis supra* 430 Pa.Super. at 341, 634 A.2d at 636-37 *citing Commonwealth v. Grier supra* 410 Pa.Super. at 287, 599 A.2d at 994-95.

The statutory maximum period of imprisonment salient to Count 1 – Simple Assault, 18 Pa.C.S. §2701, a misdemeanor of the second degree, is two (2) years imprisonment. *See* 18 Pa.C.S. §1104(2). Relevant to Count 3 – Terroristic Threats, 18 Pa.C.S. §2706, a misdemeanor of the first degree, the maximum statutory term of imprisonment is five (5) years incarceration. *See* 18 Pa.C.S. §1104(1). This court sentenced Defendant Durr

entirely in accord with the attorneys' plea agreement to a period of time served (February 28, 2015 through June 10, 2015) through twenty-three (23) months incarceration followed by a period of two (2) years probationary supervision. This court's sentences individually and in the aggregate were well within the combined salient and statutory maximums and unquestionably thus lawful. *See* Certificate of Imposition of Judgment of Sentence dated June 10, 2015. *See also* 42 Pa.C.S. §9721(a); *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa.Super. 2014) *quoting Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa.Super. 2008), *appeal denied*, 600 Pa. 774, 968 A.2d 1280 ("We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa.Super. 2005) (citing *Commonwealth v. Hoag*, 445 Pa.Super. 455, [459,] 665 A.2d 1212, 1214 (1995)). Long standing precedent of this Court recognizes that 42 Pa.C.S. §9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa.Super. 2005) (citing *Commonwealth v. Graham*, 541 Pa. 173, [184,] 661 A.2d 1367, 1373 (1995))."); and *Commonwealth v. Trinidad*, 96 A.3d 1031, 1039, Fn. 8 (Pa.Super. 2014) *quoting Commonwealth v. Johnson supra* 961 A.2d at 880, *appeal denied*, 600 Pa. 774, 968 A.2d 1280.

The Defendant's assertion that his time served credit should have also been apportioned to the unrelated matter of *Commonwealth v. Durr*, No. 6336-12 – Delaware County is entirely mistaken. *See* "No Merit Letter," dated March 10, 2016, p. 6.

The relevant sentencing statute regarding credit for time served details the following:

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) *Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.* ...

42 Pa.C.S. §9760. (Emphasis added).

Thus, pursuant to this statutory language noted above, Defendant Durr's time served credit that accrued while he was awaiting the outcome of the proceeding at bar was rightly applied as he was then imprisoned not having posted bail. *See* Certificate of Imposition of Judgment of Sentence dated June 10, 2015. It would have been error for Defendant Durr to have been as well given such time served credit in *Commonwealth v. Durr*, No. 6336-12 – Delaware County and offered thus double the credit for the same incarceration days. As has been recognized salient to time served credit, " ... court[s] [do] not deal in volume discounts." *Commonwealth v. Hollawell*, 413 Pa.Super. 42, 48, 604 A.2d 723, 726 (1992). *See also Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa.Super. 2014) *quoting Commonwealth v. Hollawell supra* 604 A.2d at 723, 725.

On April 13, 2016, Defendant Durr forwarded directly to this court's chambers a Petition to bar attorney's unsolicited and unwanted action,,,-Henry D. Forrest, Esq [*sic*]. *See* Defendant's Response Petition dated April 8, 2016. *See also* "No Merit Letter," dated March 10, 2016. Per this response petition, the Defendant, similar to those arguments advanced in his collateral petition, avers the following: " ... Henry D. Forrest, Whom is or has petitioned the court against my will in a manner that is not in my best legal interest;" On February 28, 2015, Erica Yatsuk sexually assaulted Defendant Durr who also suffers from mental health issues and was suffering from extreme emotional embarrassment from being sexually assaulted by Erica Yatsuk; Trial counsel did not listen to his being forced to take the plea agreement by Ms. Yatsuk; Trial counsel failed to advise the court of the Defendant's psychological and intelligence disorders; Ms. Yatsuk's relationship with the Assistant District Attorney; Ms. Yatsuk's past perjury at a Protection From Abuse hearing; the Defendant's unlawful arrest; and Defendant Durr's innocence. *See* Defendant's Response Petition dated April 8, 2016. Defendant Durr via his petition seemingly in response to his collateral lawyer's "No Merit Letter" advances numerous times that he has attached reports and other documents; however, the Defendant's petition only contained two (2) addendums, a document with indecipherable writing and alleged copies of electronic messages and a second document that is purportedly a note from Ms. Yatsuk dated March 19, 2015. *See* Defendant's Response Petition dated April 8, 2016 - Attachments. Via an order also of

today's date (May 3, 2016) the court has instructed the Delaware County Office of Judicial Support to lodge of-record and docket the Defendant's response petition. *See* Order dated May 3, 2016.

In reviewing these additional averments, this court on the instant record has no cause to find either trial and/or appointed counsel's stewardship anything other than competent. Accordingly, no reasoned purpose would be served by any further proceedings.

"The right to an evidentiary hearing on a post conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petition's claim is patently frivolous without a trace of support in the record or from other evidence." *Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa.Super. 2002) *citing Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super. 2001). "The controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition." *Id.* at 906 *quoting Commonwealth v. Weddington*, 514 Pa. 46, 50, 522 A.2d 1050, 1052 (1987).